JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose: Jackson

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kim Willard

## DEFENDANTS
Jackson County, et al

**(b)** County of Residence of First Listed Plaintiff: Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BoylanLaw, P.C. by Karie H. Boylan (P55468)
410 W. University, Suite 201
Rochester, MI 48307     855.926.9526

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 12101, et. seq
Brief description of cause:
Violation of the Americans With Disabilities Civil Rights Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 6-9-16
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes  [x] No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes  [x] No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

# UNITED STATES DISTRICT COUT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**KIM WILLARD**

    Plaintiff                             Hon.

                                            Case No.

v.

**JACKSON COUNTY,** a municipal corporation,
**RYAN STEVENSON,** Individual and official capacity,
**GARY MCKESSY,** Individual and official capacity,
**STEVEN P. RAND,** Individual and official capacity,
**ROBERG VOGT,** Individual and official capacity,
**MIKE COBURN,** Individual and official capacity,
**DEPUTY FRENCH**, Individual and official capacity,
**DEPUTY HUTTENLOCKER**, Individual and official capacity,
**DEPUTY C. ALLEN**, Individual and official capacity,
**DEPUTY KAKOWSKI**, Individual and official capacity,
**JOHN/JANE DOES #1-10,**   Individual and official capacities,

    Defendants

_____/

**BOYLANLAW, P.C.**
Karie H. Boylan (P55468)
Attorney for Plaintiff
410 W. University, Suite 201
Rochester, Michigan    48307
Phone:       855-9BOYLAN
Fax:         855-3BOYLAN
E-Mail:      karie@boylanlaw.net

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1

In support of his Complaint, Defendant states:

## JURISDICTION & VENUE

1. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343(a)(3).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the events giving rise to the claim arose in Jackson County, Michigan.

## PARTIES

3. Plaintiff, Kim Willard, is a resident of Lansing, Michigan. He is an individual with a disability within the meaning of both the Americans with Disabilities Act (hereinafter "ADA") and the Rehabilitation Act of 1973 (hereinafter "Rehabilitation Act") because he has physical impairments (epileptic and right lower extremity amputee) that substantially limit one or more of his major life activities.

4. Defendant Jackson County is a Michigan municipal corporation.

5. Defendant Rand is the Jackson County Sheriff. Defendants Vogt and Coburn and Jackson County Jail Administrators. These three individuals are the decision makers for the Jail, including but not limited to training, supervision, policy making, jail construction & modifications, ADA and Rehabilitation Act compliance.

6. The remaining Defendants are Jackson County employees assigned to work in the County Jail sometime between July 19, 2015 through October 26, 2015.

7. From July 19, 2015, through October 26, 2015, Plaintiff was an inmate in the Jackson County Jail.

2

8. When Plaintiff arrived, Deputies removed his prosthesis, refused to give it back to him, and refused to provide him with any other form of mobility device. Plaintiff was forced to hop on one leg everywhere he went inside the Jail.

9. Not wearing his prosthesis while in the Jackson County Jail caused Plaintiff's stump to change its shape, which compelled him to purchase a new prosthesis which is expensive and painful to break in.

10. Defendants, including John/Jane Does #1 through #10, are Jackson County employees responsible for the decision(s) to: (a) not allow Plaintiff to wear his prosthesis in Jail, (b) not provide Plaintiff with a mobility device, (c) not provide Plaintiff access to a shower/toilet, (d) insist that he ambulate by hopping on one leg.

11. Every time Plaintiff wanted to take a shower, he had to hop on one leg to get in and out. Notably, Plaintiff had to hop over a 1'+ tall, floor mounted water barrier every time. There were no grab bars, hand rails or any other form of handicap assistance device to help him clear the barrier.

12. Plaintiff objected to having to hop over the barrier. Defendants' told him: "Fine, if you don't want to hop, then don't take a shower".

13. On October 20, 2015, Plaintiff tried to hop into the shower, the barrier caught his foot, and he fell onto the concrete floor suffering serious injury and excruciating pain. This is a photo of Plaintiff after he fell with his only leg still resting on the barrier:

3



14. Plaintiff was transported to the Allegiance hospital by ambulance and admitted for emergency medical treatment.

15. On October 14, 2015, Deputy McKessy, a Field Training Officer, was "shadowing" Deputy Stevenson. These were transport Deputies, responsible for escorting inmates to and from Jackson County Circuit Court.

16. Every other time Plaintiff went to and from Court, Deputies pushed him in a wheelchair outside of the Jail, down a sidewalk, to the Courthouse next door where he could enter and leave the courthouse via the wheelchair ramp.

17. On October 14, 2015, Plaintiff was with other inmates waiting for Court. Plaintiff asked Deputies whether he could talk to his attorney somewhere in private so that others could not hear the privileged attorney-client communications. Deputies refused, became angry and radioed to Stevenson and McKessy that they had to come get Plaintiff because he was being "a problem". They were angry.

18. On their way back to the Jail, Deputy Stevenson pushed Plaintiff in the wheelchair. Rather than use the handicap ramp, he headed towards the tunnel stairs.

19. Deputy McKessy went ahead of Deputy Stevenson and Plaintiff.

20. Once Deputy Stevenson reached the tunnel stairs, he stopped and told Plaintiff to get out of the wheelchair and hop down the stairs. At that time, Plaintiff's hands were still chained to his belly cuffs at that time.

21. Plaintiff refused to hop down the stairs.

22. In response to Plaintiff's refusal, Deputy McKessy turned on his body camera, pointed it at Plaintiff and said: "Inmate HOP down those stairs! That's an Order!" Plaintiff hopped onto the first step then fell down the remaining three. Plaintiff landed hard on the concrete floor, hitting his head, suffering serious injury and excruciating pain. This is a photograph of Plaintiff after he fell:



5

23. Plaintiff was transported to the Allegiance hospital by ambulance and admitted for emergency medical treatment.

24. Plaintiff fell other times while being forced to "hop" around the Jail, including when he suffered seizures (of which Defendants knew he was prone).

### Count I: Violation of the Americans with Disabilities Act of 1990

25. Plaintiff incorporates the preceding paragraphs by reference

26. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., expressly prohibits, among other things, discrimination against a person with a disability, solely on the basis of the disability, in the full and equal enjoyment of the services programs, and activities of a public entity.

27. Defendants operate the Jackson County Jail, which qualifies as a public entity" under the definition set forth in 42 U.S.C. § 12131(1)(B) because it is a "department, agency, special purpose district, or instrumentality" of a local government, i.e., Jackson County, Michigan.

28. Defendants' failure to provide a seizure prone lower extremity amputee with an adequate mobility device while in Jail, access to showers and bathrooms, wall mounted grab bars, a raised toilet seat and other handicap devices constitute a violation of Title II of the ADA because those failures denied Plaintiff the use and enjoyment of a services of a public entity.

6

29. Defendants' failure to provide reasonable accommodations for a seizure prone lower extremity amputee constitutes a violation of Title II of the ADA because it denied Plaintiff the use and enjoyment of a service of a public entity.

30. Defendant Stevenson's ordering Plaintiff to hop down a flight of stairs while belly cuffed constitutes a violation of Title II of the ADA.

31. Defendants' ADA violations proximately caused Plaintiff to suffer personal injury, pain, suffering, humiliation, embarrassment, emotional distress; and, to incur medical and other expenses, costs, interest and attorney fees.

### Count II: Violation of the Rehabilitation Act of 1973

32. Plaintiff incorporates the preceding paragraphs by reference.

33. Section 504 of the Rehabilitation Act of 1983, 29 § U.S.C. 794, provides that no otherwise qualified individual with a disability may be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance, solely on the basis of the individual's disability.

34. Defendants operate the Jackson County Jail, which qualifies as a "program or activity" under the definition set forth in 29 U.S.C. § 794(b)(1)(A) because it is a "department, agency, special purpose district, or instrumentality" of a local government, i.e., Jackson County, that receives federal financial assistance.

35. Defendants' failure to provide an adequate mobility device while in Jail, access to showers and bathrooms, wall mounted grab bars, a raised toilet seat and other handicap devices constitutes violations of the Rehabilitation Act because those failures denied Plaintiff the use and enjoyment of the facility.

36. Defendants' failure to provide reasonable accommodations to Plaintiff constitutes a violation of the Rehabilitation Act because it denied Plaintiff the use and enjoyment of a service of a public entity.

37. Defendant Stevenson's ordering Plaintiff to hop down a flight of stairs while belly cuffed constitutes a violation of the Rehabilitation Act.

38. Defendants' violations of the Rehabilitation Act, proximately caused Plaintiff to suffer personal injury, pain, suffering, humiliation, embarrassment, emotional distress; incur medical and other expenses, costs, interest, attorney fees.

## Count III – 42 U.S.C. § 1983

39. Plaintiff incorporates the preceding paragraphs by reference.

40. All Defendants were acting under color of law at all relevant times.

41. Deputies French, Huttenlocker, C. Allen and Kakowski were involved in Plaintiff's October 20, 2015, fall in the shower.

42. Defendants had actual knowledge of the risk of harm Plaintiff faced hopping into and out of the shower on one leg, with no handrails, grab bars or other handicap assistance devices.

8

43. Defendants' insistence that Plaintiff repeatedly expose himself to a risk of harm they created and which eventually caused him to fall multiple times, constitutes cruel and unusual punishment under the 8th and/or 14th Amendment.

44. Deputies Stevenson, McKessy, Watson and Kakowski were involved in Plaintiff's October 14, 2015, fall down the stairs.

45. Deputy McKessy's failure to properly supervise Deputy Stevenson, and his ordering Plaintiff to hop on one leg down a flight of stairs while belly cuffed constitutes cruel and unusual punishment under the 8th and/or 14th Amendment.

46. Defendant McKessy was angry with Plaintiff for "being a problem". He intended to injure Plaintiff by ordering him to hop down the stairs while belly cuffed. After the fact, Defendant McKessy destroyed/erased audio and video tape the memorialized him ordering Plaintiff to hop down the stairs, and of Plaintiff falling down the stairs, in an effort to avoid being held liable.

47. Jail officials responsible for the decisions to (a) remove Plaintiff's prosthesis and not replace it with an adequate mobility device (especially knowing he was prone to seizures), (b) house Plaintiff in a cell that was not handicap assessable, (c) not provide Plaintiff with access to a shower or toilet, (d) force Plaintiff to hop over a barrier to get in and out of the shower, (e) force Plaintiff to hop down a flight of stairs with hands chained to his waist are not entitled to qualified immunity.

9

48. Defendants Rand, Vogt and Coburn's failure to implement policies and procedures in the Jackson County Jail that would allow for safe mobility for lower extremity amputees in the Jail, insistence that prosthesis be taken away from amputees and not returned, failure to remove barriers or install handrails on Jail walls, failure to provide amputees with reasonable handicap access to showers and toilets, forcing amputees to ambulate by hopping around inside the Jail on one leg are moving forces behind the violations of the 8th and 14th Amendments to the United States Constitution.

49. Defendants' violations of the 8th and 14th Amendments proximately caused Plaintiff to suffer damages.

50. Providing Plaintiff with access to the shower that he did not have to hop in and out of, over a 1'+ tall barrier on one leg, on wet concrete, with no handrails, grab bars or anything else to hold while hopping, is not a discretionary function of a Jackson County employee assigned to work in the Jail.

51. If forcing Plaintiff to hop over a 1'+ barrier, on one leg, on wet concrete, with no handrails, grab bars, or anything else to hold while hopping, is a discretionary function, the decision to compel Plaintiff to do so on a daily basis, violates clearly established statutory or constitutional rights of which a reasonable person would have known.

52. Ordering a right lower extremity amputee to hop on one leg down a flight of stairs while his hands are chained to his stomach is not a discretionary function of a Jackson County employee assigned to work in the Jail.

53. If forcing a right lower extremity amputee to hop on one leg down a flight of stairs while his hands are chained to his stomach is a discretionary function, the decision to order Plaintiff to do so violated clearly established statutory or constitutional rights of which a reasonable person would have known.

54. Defendants' constitutional deprivations proximately caused Plaintiff to suffer personal injury, pain, suffering, humiliation, embarrassment, emotional distress; incur medical and other expenses, costs, interest, attorney fees.

## **Requested Relief**

Wherefore, Plaintiff requests that this Honorable Court:

1. Enter declaratory judgment that Defendants violated the ADA and Rehabilitation Act;

2. Enter an injunction ordering Defendants (a) to cease violating the ADA and Rehabilitation Act and (b) to bring its facilities into full compliance with the ADA and the Rehabilitation Act;

3. Award compensatory and punitive damages in excess of $500,000.00, plus interest;

4. Award Plaintiff costs, interest and attorney fees;

5. Enjoin Defendants from housing Plaintiff unless and until the Jail is brought into compliance with the ADA and Rehabilitation Act; and

6. Grant such other and further relief as the Court deems just.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   |   |
|   | */s/ Karie H. Boylan* |
|   | BOYLANLAW, P.C. |
|   | Karie H. Boylan (P55468) |
|   | Attorney for Plaintiff |
|   | 410 W. University, Suite 201 |
|   | Rochester, Michigan   48307 |
|   | Phone:         855-9BOYLAN |
|   | Fax:             855-3BOYLAN |
| Dated:  June 9, 2016 | E-Mail:         karie@boylanlaw.net |

12

# UNITED STATES DISTRICT COUT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KIM WILLARD**

    Plaintiff                              Hon.
                                          Case No.

v.

**JACKSON COUNTY,** a municipal corporation,
**RYAN STEVENSON,** Individual and official capacity,
**GARY MCKESSY,** Individual and official capacity,
**STEVEN P. RAND,** Individual and official capacity,
**ROBERG VOGT,** Individual and official capacity,
**MIKE COBURN,** Individual and official capacity,
**DEPUTY FRENCH**, Individual and official capacity,
**DEPUTY HUTTENLOCKER**, Individual and official capacity,
**DEPUTY C. ALLEN**, Individual and official capacity,
**DEPUTY KAKOWSKI**, Individual and official capacity,
**JOHN/JANE DOES #1-10,** Individual and official capacities,

    Defendants
_____/

## PLAINTIFF'S JURY DEMAND

Plaintiff requests a trial by jury.

                       Respectfully submitted,

                       */s/ Karie H. Boylan*
                       BOYLANLAW, P.C.
                       Karie H. Boylan (P55468)
                       Attorney for Plaintiff
                       410 W. University, Suite 201
                       Rochester, Michigan   48307
                       Phone:       855-9BOYLAN
                       Fax:          855-3BOYLAN
Dated:  June 9, 2016        E-Mail:      karie@boylanlaw.net